IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3052-D

| | | |
|---|---|---|
| JERRY WAYNE ADAMS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | **ORDER** |
| SUPERINTENDENT HAYNES, et al., | ) ) ) | |
| Defendants. | ) | |

On April 13, 2010, Jerry Wayne Adams ("Adams" or "plaintiff"), a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Adams named as defendants former WCI Superintendent Haynes, WCI Doctor Harrells, and WCI Nurses Bolton, Crenshaw and Jackson. Id. at 2–3. Adams seeks leave to proceed in forma pauperis [D.E. 2]. On April 23, 2010, Adams filed a motion for preliminary injunction [D.E. 4] and a motion for appointment of counsel [D.E. 6]. On August 23, 2010, Adams filed a "memorandum of law" and affidavit, which the Clerk construed as a second motion for preliminary injunction [D.E. 7]. On August 24, 2010, Adams filed a motion for leave to file an amended complaint to add a claim for retaliation against three additional defendants, WCI Lieutenant Dixon, WCI Sergeant Wilson, and WCI mail-room employee Kellie Dufault [D.E. 8]. On October 4, 2010, Adams filed a motion to amend his complaint to substitute current WCI Superintendent Kornegay for Haynes as defendant and again seeking to add a claim for retaliation against Dixon and Dufault [D.E. 9]. On October 21, 2010, Adams filed a motion to further amend his complaint to add a claim for interference with his legal mail in violation of his First Amendment rights and a claim for "unsanitary, unsafe and unclean conditions" [D.E. 10].

Courts must review complaints in civil actions in which pro se litigants seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of opposing counsel or by leave of court. Fed. R. Civ. P. 15(a)(2). Because plaintiff's complaint is subject to review under § 1915A, no defendant has been served. Accordingly, Adams's motions for leave to amend his complaint are granted. The court

2

Case 5:10-ct-03052-D   Document 11   Filed 01/26/11   Page 2 of 7

reviews the complaints together to determine whether Adams has stated any claim upon which relief may be granted.

Adams is incarcerated at Warren Correctional Institute ("WCI"). Compl. 1; see also N.C. Dep't of Corr., Offender Public Information, http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0001209 (last visited Jan. 26, 2011). Adams alleges that he suffers from a medical condition called "neurothapy" which requires treatment. Compl. 4. Adams states that "since June 2nd, 2008" he and his treating physician, defendant Harrells, have developed a "conflict . . . which derived from accusations made by nurses Hanks and [defendant] Crenshaw" that Adams was misusing medication. Id. Although the accusations did not result in disciplinary action, Adams alleges that the accusations caused defendant Harrells to "form[] prejudicial opinions about" Adams and deny him needed medical treatment, and caused defendant Jackson to "refuse to allow [Adams] to see the other unit doctor." Id. As a result, Adams is "in constant pain, discomfort, and mental anguish" and is "losing use of [his] right hand." Id.

Adams's first amended complaint seeks to add claims for retaliation against three additional defendants, Dixon, Wilson, and Dufault. Adams alleges that he has suffered retaliation "for exercising [his] First Amendment rights to redress or to access the courts." First Am. Compl. 2. Specifically, Adams alleges that Dixon "framed [him] . . . by claiming to have found gang-related papers in a packet containing legal work, taken from [Adams's] cell." Id. Adams alleges that Dufault mishandled, threw away, or lost "at least 4 different letters" from Adams to "various courts." Id. at 2–3. Adams makes no allegations against Wilson. Adams's second amended complaint seeks to add a claim for interference with his legal mail in violation of his First Amendment rights and a claim for "unsanitary, unsafe and unclean conditions." Second Am. Compl. 2.

3

To state a claim under 42 U.S.C. § 1983 for inadequate medical care, an incarcerated prisoner must show deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). In order to prove such a claim, Adams "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A prisoner is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318–19 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06.

It does not plainly appear from the face of the complaint that Adams is not entitled to relief; therefore, this claim for deliberate indifference to a serious medical need is allowed to proceed. However, the claim may not proceed as to all defendants. Adams fails to identify any individual act or omission committed by defendants Haynes or Kornegay against Adams that rises to the level of a constitutional violation. Rather, Adams appears to assert a claim against these defendants in their supervisory capacities. However, the doctrine of respondeat superior generally does not apply to a section 1983 action. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003); Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Because Adams failed to state a claim against these defendants on which relief may be granted, his claims against these defendants are dismissed as frivolous. Furthermore, because Adams has not alleged any conduct on the part of Bolton, the court dismisses defendant Bolton.

As for the claims in Adams's first amended complaint, Adams asks that he "be allowed to

further argue his [additional] claims once his grievance has been fully exhausted." Mot. Leave Amend 2–3. Likewise, Adams's second amended complaint states that these claims "are currently in the process of being exhausted through the inmate grievance procedure, (at which time the plaintiff will show exhaustion requirements have been fulfilled)." Second Am. Compl. 2.

The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532; see Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. Because Adams has not exhausted his administrative remedies as to these additional claims, the claims are dismissed.

As for Adams's motions for preliminary injunction, "[p]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524 (4th Cir. 2003) (quotation omitted). "Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a clear showing that, among other things, it is likely to succeed on the merits

5

at trial." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 345 (4th Cir. 2009) (quotation omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008); see Fed. R. Civ. P. 65(b)(1)(A). The irreparable harm must be likely, not a mere possibility. Winter, 129 S. Ct. at 375.

Adams has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Adams has failed to meet his burden of proof. Accordingly, Adams's motions for preliminary injunction are denied.

Finally, Adams requests appointment of counsel. In support, Adams states that court-appointed counsel is necessary because his case is "complex, and will require significant research and investigation" and he "has limited access to law materials and a limited knowledge[] of the law." Mot. Appoint Counsel at 1–2.

No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and Adams's abilities do not present exceptional circumstances. Accordingly, the court denies Adams's motion to appoint counsel.

In sum, Adams's claim for deliberate indifference to a serious medical need is allowed to proceed against defendants Harrells, Crenshaw, and Jackson. Adams's motions to amend [D.E. 8–10] are ALLOWED, but his claims for retaliation, mishandling of and/or interference with legal mail, and unsanitary conditions, along with defendants Haynes, Kornegay, Bolton, Dixon, Wilson, and Dufault, are DISMISSED. Adams's motions for preliminary injunction [D.E. 4, 7] are DENIED.

SO ORDERED. This 26 day of January 2011.

JAMES C. DEVER III
United States District Judge