IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3052-D

| | | |
|---|---|---|
| JERRY WAYNE ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SUPERINTENDENT HAYNES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 13, 2010, Jerry Wayne Adams ("Adams" or "plaintiff"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. On January 26, 2011, the court reviewed Adams's original and amended complaints pursuant to 28 U.S.C. § 1915A and allowed him to proceed with his claim for deliberate indifference to a serious medical need against defendants Harrell,[1] Crenshaw, and Jackson [D.E. 11]. The clerk directed North Carolina Prisoner Legal Services, Inc., ("NCPLS") to investigate Adams's claims [D.E. 12]. On April 26, 2011, NCPLS responded to the order of investigation, indicating that it had determined appointment of counsel was not warranted and had provided advice and assistance to Adams [D.E. 19].

On April 23, 2012, Jackson filed a motion for summary judgment [D.E. 56] and a supporting memorandum [D.E. 57]. Pursuant to <u>Roseboro v. Garrison,</u> 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Adams about the motion, the consequences of failing to respond, and the response deadline [D.E. 58]. On May 8, 2012, Adams responded in opposition to Jackson's motion [D.E. 59]. On June 21, 2012, the court granted defendant Harrell's motion to dismiss, denied defendant Crenshaw's motions to dismiss, and directed defendants Crenshaw and Jackson to provide

---

[1] In his complaint, Adams spelled this defendant's last name as "Harrells." Compl. [D.E. 1] 2. The correct spelling is "Harrell." Def. Harrell's Answer [D.E. 42] 1.

Adams with certain medical records [D.E. 60]. Crenshaw and Jackson complied with the court's order [D.E. 61–62, 67]. On July 11, 2012, Adams filed a "motion to alter or amend[,]" which the court treats as a motion for reconsideration of the court's order granting defendant Harrell's motion to dismiss [D.E. 64]. On July 13, 2012, defendant Harrell responded in opposition to the motion for reconsideration [D.E. 65]. On July 16, 2012, Adams filed a supplemental response in opposition to Jackson's motion for summary judgment [D.E. 66].

On July 23, 2012, defendant Crenshaw filed a motion for summary judgment [D.E. 68]. Pursuant to Roseboro, the court notified Adams about the motion, the consequences of failing to respond, and the response deadline [D.E. 72]. On August 15, 2012, Adams responded in opposition [D.E. 73]. On August 21, 2012, Crenshaw filed a reply [D.E. 74].

On September 27, 2012, the court directed defendants Jackson and Crenshaw to file amended memoranda of law in compliance with Federal Rule of Civil Procedure 56(c)(1)(A) [D.E. 75]. On October 3 and 12, 2012, defendants filed amended memoranda of law [D.E. 76–77]. On October 18, 2012, Adams filed an additional response in opposition to defendant Jackson's motion for summary judgment [D.E. 78]. As explained below, the court grants the motions for summary judgment and denies plaintiff's motion for reconsideration.

I.

Adams is incarcerated at Pender Correctional Institution [D.E. 63]. The allegations in Adams's complaint arise from his incarceration at Warren Correctional Institution ("WCI"). Compl. 1. Adams has a medical history of neuropathy resulting from a gunshot wound. Willis Aff.,[2] Ex. B at 68 (9/22/10 physician's note); see Compl. 4. When Adams began his period of incarceration, he

---

[2] Kerry Willis is a licensed physician who "reviewed [Adams]'s medical records from the Department of Correction consisting of records from Warren Correctional Institution[.]" Willis Aff. ¶¶ 3, 6.

2

was taking Neurontin for his condition. Willis Aff., Ex. B at 4 (1/8/08 intake screening form).

While Adams was incarcerated at WCI, he and Harrell, his treating physician at WCI, developed a "conflict . . . which derived from accusations made by nurses Hanks and Crenshaw" that Adams was misusing the prescription drug Neurontin. Compl. 4. Apparently, the conflict began when another inmate, attempting to obtain pain medication, "told medical nurses that 'he knew the medication would work for him because he tried Jerry Adams['s] meds.'" Pl.'s Aff. [D.E. 45] ¶ 8. On June 2, 2008, Nurse Hanks[3] counted Adams's medication, and determined that eighteen pills were missing. Willis Aff., Ex. B at 16 (6/2/08 nursing note); see Pl.'s Aff. ¶¶ 1–2. However, the accusations did not result in disciplinary action against Adams. Compl. 4.

On June 4, 2008, Dr. Harrell concluded that Adams was "apparently selling his Neurontin" and discontinued the medication, instead placing Adams on Tegretol. Willis Aff., Ex. B at 17–18 (physician notes). Adams refused to take the Tegretol, but received regular examinations at his request by nurses and Dr. Harrell. Id. 19–23. On July 23, 2008, defendant Jackson examined Adams in response to his request for Neurontin, noted that he was not in acute distress, informed him that Dr. Harrell had discontinued the Neurontin and prescribed Tegretol, and placed Adams on the doctor's list. Id. 19. On September 20, 2008, defendant Crenshaw examined Adams in response to his complaints of discomfort and itchy, dry skin, noted that he refused to take Tegretol as Dr. Harrell prescribed, and referred Adams to the prison canteen for skin products. Id. 28; see also Crenshaw Aff. ¶ 15. On November 18, 2008, defendant Jackson examined Adams in response to his complaints of burning and tingling, and referred Adams to Dr. Harrell. Willis Aff., Ex. B at 31.

---

[3] Adams initially indicated that defendant Crenshaw conducted the pill count. Pl.'s Aff. ¶ 1. The medical records suggest that Nurse Hanks conducted the pill count, but Crenshaw states that she was not involved in the pill count. Willis Aff., Ex. B at 16; Crenshaw Aff. [D.E. 69] ¶ 10. Adams now states that he observed Crenshaw instruct Hanks "on how to proceed with my pill count." Pl. Resp. Opp'n Crenshaw Mot. Summ. J. [D.E. 73] 5. This factual dispute is not material.

3

On November 5, 2008, Dr. Harrell prescribed Absorbase for Adams's hand pain. Willis Aff., Ex. B at 27. On November 19, 2008, Dr. Harrell examined Adams and also prescribed Elavil. Id. 33. Between December 31, 2008, and April 14, 2010, Adams missed or refused two appointments with Dr. Harrell and three sick call appointments with nurses. Id. 16, 43, 46–47, 52. In April 2010, defendant Crenshaw observed Adams in segregation on eight occasions, and noted that he did not make any medical complaints. Id. 133; see Crenshaw Aff. ¶ 17. On May 5, 2010, defendant Crenshaw examined Adams in response to his complaints "of problems with his shoulder and neck, as well as neuropathy in his right arm and hand[,]" and referred Adams to Dr. Harrell for examination. Crenshaw Aff. ¶ 16; see Willis Aff., Ex. B at 54. On May 19, 2010, Adams refused an examination by Dr. Harrell. Willis Aff., Ex. B at 55.

II.

First, the court addresses Adams's motion for reconsideration [D.E. 64]. Adams objects to the court's dismissal of defendant Harrell for failure to effect proper service of the summons and complaint upon him. Mot. Reconsider 1–3. Adams's motion is governed by Federal Rule of Civil Procedure 54(b),[3] which provides:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Before a final order is entered, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). "Motions for reconsideration of interlocutory orders are not subject

---

[3] Because the court's June 21, 2012 order did not completely dispose of the case, Adams's motion is not governed by Rule 59. Cf. Mot. Reconsider 1.

4

to the strict standards applicable to motions for reconsideration of a final judgment," but are "committed to the discretion of the district court . . . ." Id. Adams has not presented any argument warranting reconsideration. Thus, the motion is denied.

Alternatively, the materials that defendants Crenshaw and Jackson submitted in support of their motions for summary judgment demonstrate that Adams may not obtain relief under the Eighth Amendment from defendant Harrell. As the medical records demonstrate, Harrell regularly examined Adams and prescribed him medications. These facts doom Adams's Eighth Amendment claim against Harrell. See, e.g., Lacy v. Shaw, 357 Fed. App'x 607, 610 (5th Cir. 2009) (per curiam) (unpublished); Johnson v. Quinones, 145 F.3d 164, 169 (4th Cir. 1998); Kimpel v. Cal. Dep't of Corr., No. 08CV1734-LAB (JMA), 2010 WL 532522, at *5 (S.D. Cal. Feb. 8, 2010) (unpublished); Atakpu v. Lawson, No. 1:05-CV-00524, 2008 WL 5233467, at *11 (S.D. Ohio Dec. 11, 2008) (unpublished). Accordingly, the court denies the motion for reconsideration.

Next, the court addresses defendants Crenshaw's and Jackson's motions for summary judgment [D.E. 56, 68]. Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477

U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

In order to establish an Eighth Amendment claim for denial of medical care, a prisoner must establish "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quotation omitted).

Deliberate indifference requires that a defendant know of and purposefully ignore "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. It is "obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley v. Albers, 475 U.S. 312, 319 (1986), abrogated on other grounds by Wilkins v. Gaddy, 130 S. Ct. 1175 (2010). Deliberate indifference "sets a particularly high bar to recovery." Iko, 535 F.3d at 241. "In order to establish a claim of deliberate indifference to a medical need, the need must be both apparent and serious, and the denial must be both deliberate and without legitimate penological objective." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999).

Defendants assert that they are entitled to summary judgment because they provided Adams with regular medical treatment and offered him alternative medications, and Adams's allegations amount to nothing more than his personal disagreement with their treatment decisions. Mem. Supp. Jackson Mot. Summ. J. [D.E. 77] 9; Mem. Supp. Crenshaw Mot. Summ. J. 19. The court agrees.

See, e.g., Lacy, 357 Fed. App'x at 610; Johnson, 145 F.3d at 169; Kimpel, 2010 WL 532522, at *5; Atakpu, 2008 WL 5233467, at *11.

In opposition to this conclusion, Adams asserts that Jackson should have "aske[d]/inquire[d] into the correctness of the count of my meds" and that Crenshaw made treatment decisions based on "dislike of me or prejudice in some manner[.]" 2d Resp. Opp'n Jackson Mot. Summ. J. [D.E. 66] 2; Resp. Opp'n Crenshaw Mot. Summ. J. [D.E. 73] 6. Adams's argument fails. See, e.g., Schroeder v. Yates, No. 1:09-cv-02236-AWI-GBC (PC), 2011 WL 6141060, at *5 (E.D. Cal. Dec. 9, 2011) (unpublished); Atakpu, 2008 WL 5233467, at *11; Shea v. Wheeler, No. 00-C-0072-C, 2001 WL 34376846, at *6 (W.D. Wis. 2001) (unpublished). Moreover, although Adams cites cases, they are distinguishable. See Greeno v. Daley, 414 F.3d 645, 655 (7th Cir. 2005) ("the defendants doggedly persisted in a course of treatment known to be ineffective"); McElligott v. Foley, 182 F.3d 1248, 1253-54 (11th Cir. 1999) (a physician who "saw that [the plaintiff] was in severe pain, was likely dehydrated, was not eating, [and] had lost almost twenty pounds in two months[]" did not conduct any diagnostic testing or prescribe anything for pain); Hoptowit v. Ray, 682 F.2d 1237, 1252-53 (9th Cir. 1982) (addressing a number of systemic constitutional deficiencies at a state penitentiary, including inadequate access to and provision of medical care), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). Thus, summary judgment is warranted.

III.

In sum, the court GRANTS defendants' motions for summary judgment [D.E. 56, 68], and DENIES plaintiff's motion for reconsideration [D.E. 64]. The clerk shall close the case.

SO ORDERED. This 19 day of November 2012.

JAMES C. DEVER III
Chief United States District Judge